438 P.2d 540

OIL SHALE CORPORATION, a Nevada corporation, Plaintiff and Appellant,

v.

Fred V. LARSON, also known as Frederick V. Larson, Ethel B. Larson, husband and wife, Frederick H. Larson and Dorothy H. Larson, husband and wife, Defendants and Respondents.

Nos. 10878, 10887:

Supreme Court of Utah.

March 7, 1968.

Van Cott, Bagley, Cornwall & McCarthy, Clifford L. Ashton, Howard L. Edwards,

Don W. Crockett, Salt Lake City, for appellant.

Dufford & Ruland, Grand Junction, Colo., Therald N. Jensen, Price, for respondent.

HENRIOD, Justice.

Appeal from a no cause of action judgment in a case having to do with an agreement looking to the lease or purchase by plaintiff from defendants of oil shale properties. Affirmed in part and reversed in part. No costs awarded.

This action was initiated under Chap. 33, Title 78 of the Utah Declaratory Judgment Act, and Rule 57, Utah Rules of Civil Procedure. The complaint attaches a copy of the instrument to be construed, claiming certain rights thereunder, and praying that the court adjudge the rights of the parties.[1]

Ordinarily, under the statute, the instrument under which someone wishes to have the court resolve doubts arising from the language used, is simply a matter of law to be decided by the court from the wording thereof. However, under 78–33–9 of the Act, if there be an issue of fact involved, it is triable as in other cases. That is the case here. Most of the record deals with facts based on highly question-

---

1. We take it that the complaint referred to subsection 2 (78–33–2, U.C.A.1953) which says "Any person interested under a deed, will or written contract * * * may have determined any question of construction or validity arising *under the instrument* * * * and obtain a declaration of rights, status or other legal relations thereunder."

able admissibility as being offensive to the parol evidence rule, since the agreement, subject of this litigation, was not ambiguous, but only deficient in terms that would render it enforceable. It was, as the trial court found, "an agreement to agree," with which statement we agree to agree. Without reciting the terms of the so-called "agreement," it lacked provisions as to when any lease would begin or terminate, and had a provision therein that might be offensive to the rule against perpetuities. It did not state what type of document of conveyance, warranty, quitclaim or otherwise, was to be employed. There was no provision as to the exact date when the six-month option provided for therein to lease or buy commenced. This last feature of the so-called contract, took up the major portion of this record,—and all of this matter was proffered by parol evidence,—all of which was quite disputatious. Irrespective of this disagreement in the testimony, the trial court found that the document, by its terms, which plaintiff asked the court to construe, was not specifically enforceable. With this conclusion we agree, after examining the document and considering the questionable parol evidence. No useful purpose would be served to repeat here the terms of the agreement or the parol evidence adduced to interpret it, which are of moment only to the litigants here.

However, there is a paradox in this case that needs treatment. The trial court held that the agreement to agree was not specifically enforceable. Part of such unenforceable agreement was a provision for payment to defendants of $20,000 upon firming up to the anticipated contract, which defendants said was payable within a six-month option period beginning on July 15, 1963. The $20,000 was paid after this six-month period, assuming defendants to be correct. Difficulty is that defendants' whole case was bottomed on the theory that the contract was unenforceable because of lack of specificity of terms, which theory the trial court bought, and which we buy. But defendants urged that they could retain the $20,000 payment under the terms of the very contract which they insisted was not enforceable, which theory the trial court bought and which this court cannot buy.

We affirm the trial court's decision as to non-enforceability of the contract and reverse its decision as to defendants' right to retain the $20,000,—particularly in view of the fact that defendants' counsel, during the trial offered to return the $20,000, if the court would grant the defendants' motion for dismissal.

The case is remanded with instructions to modify the judgment in consonance with this decision, including a decree requiring repayment of the $20,000 mentioned together with interest at the legal rate from time of payment thereof.

CROCKETT, C. J., CALLISTER, TUCKETT and ELLETT, JJ., concur.